April 11, 2022

Hon. Mary Kay Vyskocil,
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Via email to SDNY Pro Se Intake Unit

Re: *Harris v TD Ameritrade Clearing, Inc*. Case No.: 1:21-cv-08851 (MKV) (SDA)

Judge Vyskocil:

    I am the plaintiff in this action.
    I am writing this letter to clarify for the court and Defendant TD Ameritrade Clearing Inc. ("TDAC"),[1] what I believe to be the laws governing this dispute.

    In my Second Amended Complaint, ("SAC") (Doc. No. 9), I alleged this court has jurisdiction pursuant to § 27 of the Exchange Act 1934, 15 U.S.C. § 78aa(a),[2] and jurisdiction under the diversity statute, 28 U.S.C. § 1332 (*see* Doc. No. 9, SAC, ¶¶ 7-11), neither of which require me to have a private right of action arising under federal law.[3]

---

[1]     *See* Doc. No. 21, TDAC Reply, ECF p. 8 (TDAC states "Harris also suggests that her claims may be governed by Nebraska law (rather than New York). TDAC disputes Harris's characterizations, but even if those characterizations were assumed for purposes of argument, the applicable statutes of limitations would nevertheless preclude the claims asserted in the Complaint.").

[2]     *See Leroy v. Great Western United Corp*., 443 U.S. 173, 181-82 (1979) ("The reference in § 27 to the liabilities or duties created by this chapter clearly corresponds to the various provisions in the 1934 Act that explicitly establish duties for certain participants in the securities market or that subject such persons to possible actions brought by the Government, the Securities and Exchange Commission, or private litigants."); *Murphy v. Gallagher*, 761 F.2d 878, 885 (2d Cir. 1985). ("Exclusive federal jurisdiction over violations of the 1934 Act was motivated by a desire to achieve greater uniformity of construction and more effective and expert application of that law."); *Matsushita Elec. Industrial Co. v. Epstein*, 516 U.S. 367, 384 (1996) ("[B]inding legal determinations of rights and liabilities under the [1934] Exchange Act are for federal courts only"); *Lanier v. Bats Exchange, Inc*., 838 F.3d 139, 155 (2d Cir. 2016) ("Even uniform state-law interpretations of the regulations that differ from the meaning intended by the SEC would defeat Congress's intent that the SEC, with its expertise in the operation of the securities markets, make the rules regulating those markets.").

[3]     *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 126 (2d Cir. 2011) ("Whether a court possesses subject-matter jurisdiction, and whether a plaintiff can state a claim for relief, are two questions that are easily, and often, confused. The concept of subject-matter jurisdiction, which relates solely to the court's adjudicatory authority, is analytically distinct from the essential ingredients of a plaintiff's claim for relief") (internal quotations and citations omitted).

Because I alleged only state law claims, New York choice of law analysis governs.[4] In New York, matters of procedure are generally governed by the law of the forum.[5] In New York (and Nebraska), statutes of limitation are generally considered procedural.[6] Under the law of both New York and Nebraska the statute of limitations does not commence until the fiduciary has openly repudiated his obligation or the relationship has been otherwise terminated.[7] Where there is no statute of limitations provided by a federal statute, courts follow state law.[8] Under New York choice of law analysis, Nebraska law governs the interpretation of our Client Agreement.[9]

Both Nebraska and New York courts, and the U.S. Supreme Court rely on the Restatements of Agency and Trusts and other treatises for guidance as to the common law.[10]

---

[4] *See Loreley Financing No. 3 v. Wells Fargo Securities*, 797 F.3d 160, 169 (2d Cir. 2015) ("When a federal district court sits in diversity, [] it generally applies the decisional law of the state in which it sits, including the forum state's choice-of-law rules."); *Id*. (Where jurisdiction is based on the existence of a federal question, federal courts apply a federal common law choice of law analysis.).

[5] *See Tanges v. Heidelberg N. Am.*, 710 N.E.2d 250, 93 N.Y.2d 48, 53-54, 687 N.Y.S.2d 604 (1999) (matters of procedure are governed by the law of the forum, matters of substantive law fall within the course charted by choice of law analysis).

[6] *See Tanges v. Heidelberg N. Am.*, 710 N.E.2d 250, 93 N.Y.2d 48, 53-54, 687 N.Y.S.2d 604 (1999) ("In New York, Statutes of Limitation are generally considered procedural because they are 'viewed as pertaining to the remedy rather than the right'") citation omitted); *Abboud v. Lakeview, Inc.*, 391 N.W.2d 575, 579, 223 Neb. 568 (1986) ("We have frequently held that statutes of limitations do not impair existing substantive rights but merely affect the procedure by which such rights may be enforced . . . When a statute of limitations begins to run must be determined from the facts of each case."); *Knoell v. Huff*, 224 Neb. 90, 395 N.W.2d 749 (1986) (compliance with the statute of limitations of the Securities Act of 1933 is a substantive, rather than a procedural, matter).

[7] *See* Doc. No. 20, JH Objection, ECF pp.29-32; *In re Charles C. Wells Revocable Trust*, 734 N.W.2d 323, 333-34, 15 Neb. App. 624 (Ct. App. 2007) ("While we have previously held that an equity action for an accounting is subject to a 4-year statute of limitations, we have found no case in Nebraska where a 4-year statute of limitations has been applied to an accounting action in connection with a trust . . . . Prior cases from the Nebraska Supreme Court have recognized the general rule that the statute of limitations is tolled while a trust continues.") (citations omitted).

[8] *Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945) (Federal courts sitting in diversity apply the forum state's statutes of limitations).

[9] *See* SAC, Doc. No. 9, ¶ 12; Doc. No. 14, Exhibit 10, Client Agreement, ¶ 14, ECF p.12 ("This Agreement will be governed by the laws of the State of Nebraska, but not its conflicts of law provisions.").

[10] *Cilecek v. Inova Health Sys. Servs.*, 115 F.3d 256, 260 (4th Cir. 1997) ("To determine the general common law of agency, the [Supreme] Court notes that it has traditionally looked to sources such as the Restatement of Agency"); *O'Connor v. Davis*, 126 F.3d 112, 115 (2d Cir. 1997) ("In this context, the [U.S.] Supreme Court has outlined the following factors, culled from the Restatement of Agency, and from caselaw, as relevant to the inquiry"); *Moriarty v. Glueckert Funeral Home, Ltd.*, 155 F.3d 859, 865 n.15 (7th Cir. 1998) ("Moreover, in developing the federal law of agency, courts have relied on the Restatement of Agency as a valuable source for those general agency principles."); *Doe I v. Unocal Corp.*, 395 F.3d 932, 972 (9th Cir. 2002) ("The general principles of the federal common law of agency

      With respect to the common laws of agency, trust, and fiduciary duties, Nebraska and New York are substantially similar, and it is well established that the federal securities laws are interpreted by reference to the common law, including the common laws of agency and trust.[11]

                                                                         Respectfully submitted,
                                                                         /Jan Harris/

                                                                         Jan Harris
                                                                         *Pro Se Plaintiff*
                                                                         101 Aupuni St. Apt. 420
                                                                         Hilo, Hawaii 96720
                                                                         541.207.4026
                                                                         jhk29@hotmail.com

---

have been formulated largely based on the Restatement of Agency."); *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008) (stressing the importance of interpreting the ERISA statute in the context the common law of trusts, citing to Scott & W. Fratcher, Law of Trusts, G. Bogert & G. Bogert, Law of Trusts and Trustees, and Restatement (Second) of Trusts for guidance); *Spada Properties, Inc. v. Unified Grocers, Inc*., 38 F. Supp. 3d 1223, 1234 (D. Or. 2014). ("Federal courts look to the Restatement of Trusts to provide general principals of trust law."); *Dewey v. Dewey*, 79 N.W.2d 578, 584, 163 Neb. 296 (1956) (Restatement of Trusts); *Allied Securities, Inc. v. Clocker*, 176 N.W.2d 914, 185 Neb. 524 (1970) (Restatement of Agency); *Simonds v. Simonds*, 45 N.Y.2d 233, 408 N.Y.S.2d 359, 380 N.E.2d 189 (1978) (Pomeroy, Equity Jurisprudence, Scott, Trusts); *Sokoloff v. Harriman Estates*, 754 N.E.2d 184, 96 N.Y.2d 409, 729 N.Y.S.2d 425 (2001) (Restatement of Agency).

[11]     *See United States v. Texas*, 507 U.S. 529, 534 (1993) ("Statutes which invade the common law . . . are to be read with a presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident. . . . In order to abrogate a common-law principle, the statute must 'speak directly' to the question addressed by the common law.") (citations omitted); *Securities & Exch. Com'n v. Management Dyn., Inc*., 515 F.2d 801, 813 (2d Cir. 1975) ("We need not decide today whether the entire corpus of agency law is to be imported into the securities acts for all purposes"); *Rolf v. Blyth, Eastman Dillon & Co., Inc*., 570 F.2d 38, 45 (2d Cir. 1978) ("It is unquestionable that the common law has served as an interpretive source of securities law concepts"); *Marbury Management, Inc. v. Kohn*, 629 F.2d 705, 716 (2d Cir. 1980) ("[T]here is no warrant for believing that Section 20(a) was intended to narrow the remedies of the customers of brokerage houses or to create a novel defense in cases otherwise governed by traditional agency principles. On the contrary Section 28(a), 15 U.S.C. § 78bb, specifically enacts that the rights and remedies provided by the '34 Act shall be in addition to any and all rights and remedies that may exist at law or in equity, and Section 16 of the '33 Act, 15 U.S.C. § 77p, similarly provides that the rights and remedies of the '33 Act are additional to pre-existing remedies."); *Herman & MacLean v. Huddleston*, 459 U.S. 375, 383 (1983) ("Section 28(a) of the 1934 Act contains a parallel provision. 15 U. S. C. § 78bb(a). These provisions confirm that the remedies in each Act were to be supplemented by 'any and all' additional remedies."); *Commerford v. Olson*, 794 F.2d 1319, 1321 (8th Cir.1986) (applying Minnesota agency law to federal securities law claims); *See In re Parmalat Securities Litigation*, 594 F. Supp. 2d 444, 450-451 (S.D.N.Y. 2009) ("If the Supreme Court in Stoneridge intended any such transformation of this long-settled principle of American law, it presumably would have made its intention clear. It did nothing of the sort.").